```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

CLAUS PETER SPETH,

        Plaintiff,

  v.                       HON. JEROME B. SIMANDLE

ROBERT GOODE, GEETHA       Civil Action No. 95-0264 (JBS)
NATARAJAN, RICHARD T. CARLEY,
MARSETTA LEE, JOHN/JANE DOE,
AND ATTORNEY GENERAL OF THE   **MEMORANDUM ORDER**
STATE OF NEW JERSEY

        Defendants.

    This matter comes before the Court upon Plaintiff Claus Peter Speth's motion for reconsideration of this Court's Opinion and Order of December 29, 2004, which granted Defendants' motion to dismiss certain claims and abstained on others, staying those claims pending the outcome of state proceedings; and the Court having considered the submissions of the parties; and for good cause shown;

    THE COURT FINDS as follows:

1. This controversy began in 1991, when Defendant Robert Goode, then New Jersey State Medical Examiner, began an investigation of Plaintiff Claus P. Speth, then Gloucester County Medical Examiner.  The specific facts of this case and procedural history are extensive and, though well known to the parties, are discussed in length in this Court's Opinion of December 29, 2004.

2.  On December 29, 2004, this Court granted Defendants' motion to dismiss for failure to state a claim as to Count I (defamation in violation of due process), Count VII (defamation under state law), Count XI (abuse of criminal process), Count XII (retaliation for filing this civil suit by indicting Plaintiff without probable cause), and Count XIII (conspiracy to maliciously prosecute Plaintiff).  The Court also abstained under <u>Younger</u> and its progeny on all claims for injunctive relief and stayed the sole remaining claims pending the outcome of proceedings in the appropriate state tribunals.  On January 12, 2005, Plaintiff filed the instant motion for reconsideration of this Court's December 29, 2004 Opinion and Order.

3.  Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  The rule requires that the moving party set forth the factual matters or controlling legal authority that it believes this Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  <u>DeLong Corp. v. Raymond Int'l, Inc.</u>, 622 F.2d 1135, 1140 (3d Cir. 1980), <u>overruled on other grounds by</u> <u>Croker v. Boeing</u>

2

Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence."  Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993).  Nor is reconsideration warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision.  Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).

4. Plaintiff first draws this Court's attention to various alleged factual misstatements in the December 29, 2004 Opinion, which he asserts should be corrected.  The record evidence, however, amply supports this Court's recitation of the facts in this case.  Moreover, the alleged factual misstatements highlighted by Plaintiff are not determinative of the outcome in the decision of December 29, 2004.  Thus,

       this Court declines Plaintiff's invitation to correct these asserted misstatements of fact.

5. Plaintiff next contends that "the case should not be placed on the inactive list and proceedings on the surviving counts should not be stayed." Plaintiff takes issue with this Court's decision to stay all surviving damage claims until he has exhausted his state remedies with respect to his medical examiner eligibility and medical licensure. Applying the <u>Younger</u> abstention doctrine, this Court concluded that a certain number of Plaintiff's claims relate to an important state interest and that Plaintiff must pursue his appeal of the revocation of his medical license in the courts of the State of New Jersey. Plaintiff now asserts that he does not seek restoration of his medical license nor does he contest any action of the New Jersey Board of Medical Examiners in this lawsuit. However, Plaintiff has consistently argued that his medical examiner's eligibility and medical license were wrongfully revoked.

6. In addition, contrary to Plaintiff's contention, neither his medical license nor medical examiner's eligibility issue have been resolved by the Office of the Attorney General of New Jersey or other state agency. Moreover, New Jersey's administrative proceedings provide sufficient opportunity

4

>   for judicial review by direct appeal to the Appellate Division of the Superior Court, to constitute an adequate forum for Plaintiff to litigate his federal constitutional claims, which, notably, do not raise a constitutional challenge to a regulation or statute.  Plaintiff's claims, which attack specific evidentiary practices in his case that he asserts amounted to a violation of his due process rights, concern the administrative agency's competence to examine evidence in light of constitutional standards.  Plaintiff can thus bring his claims of constitutional error to the attention of the administrative body on appeal.  In the event that the administrative decision is upheld, Plaintiff may bring those claims to the Superior Court of the New Jersey Appellate Division, whose decision, in turn, may be appealed to the Supreme Court of New Jersey.  If still dissatisfied, Plaintiff may seek a writ of certiorari in the United States Supreme Court.  Plaintiff had the right to appeal the suspension of his medical license to the Office of Administrative Law and subsequently to the New Jersey Appellate Division, in accord with <u>N.J.A.C.</u> 13:49-7.1 and <u>N.J.A.C.</u> 13:49-8.2.  Plaintiff initiated an appeal on March 7, 1994, but later withdrew it on December 5, 1994.

7.  Plaintiff also contends in his motion for reconsideration that Defendants are not entitled to the absolute immunity

upon which this Court based its dismissal of Count VII (defamation under state law). Even assuming that Plaintiff is correct and Defendants are entitled only to a lesser qualified immunity for statements made to the press, Plaintiff fails to state a claim upon which relief can be granted. The qualified immunity of public officials acting in their administrative capacity "will not be lost unless the defamation is made . . . 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" Burke v. Deiner, 479 A.2d 393, 399 (N.J. 1984). A plaintiff, therefore, "might be allowed the civil remedy only if he establishes that the utterance was false." Id. at 477 (citing Rosenblatt v. Baer, 383 U.S. 75, 84 (1966)). Moreover, "even where the utterance is false, the great principles of the Constitution which secure freedom of expression in this area preclude attaching adverse consequences to any except the knowing and reckless falsehood." Id. (citing Garrison v. Louisiana, 379 U.S. 64, 73 (1964)).

8. Plaintiff's Third Amended Complaint refers to two categories of statements: (1) Dr. Robert Goode's report and letter regarding the revocation of Plaintiff's medical examiner eligibility; and (2) statements regarding the criminal charges brought against Plaintiff by Essex County.

Plaintiff, however, is wholly incapable of demonstrating that the statements made were false, let alone that they were made with malice.  Plaintiff cannot maintain that the statements regarding criminal charges against him in Essex County are false; plaintiff was convicted on the witness tampering charge and the jury deadlocked on the other two criminal charges that he faced.  Absent a finding of innocence on any charge, Plaintiff is unable to successfully argue that Defendants knew him to be innocent, yet deliberately made false statements to the contrary in the press.  Plaintiff similarly is unable to argue that any press statements made by Defendants in connection with the revocation of his medical examiner's eligibility were false and known to be false by Defendants.  Plaintiff has, thus far, not succeeded in convincing the appropriate state court that his medical examiner's eligibility was wrongfully revoked and that the facts advanced in support of the revocation were false.  Given this, Plaintiff is unable to say that Defendants' statements to the press in connection with this subject were false.  Thus, even assuming Plaintiff is correct that Defendants are entitled only to qualified immunity, Plaintiff remains unable to state a claim upon which relief may be granted.

9.   Plaintiff finally maintains that he is entitled to proceed on his malicious prosecution claim (Count XII) and malicious abuse of process claim (Count XIII), contrary to this Court's holding in its December 29, 2004 Opinion.  The Court remains convinced that Plaintiff is unable to establish a prima facie case of either cause of action, and Plaintiff has offered no facts or controlling case law that this Court overlooked in concluding the same.  The Court therefore relies upon the reasons set forth in its Opinion of December 29, 2004 in dismissing these claims.

THEREFORE, IT IS this __**7th**__ day of June, 2005 hereby

ORDERED that Plaintiff Claus Peter Speth's motion for reconsideration [Docket Item No. 55-1] shall be, and hereby is, **DENIED**.

    **s/ Jerome B. Simandle**
    JEROME B. SIMANDLE
    United States District Judge