```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CLAUS PETER SPETH, | |
| Plaintiff, | |
| v. | HON. JEROME B. SIMANDLE |
| ROBERT GOODE, et al., | Civil Action<br>No. 95-0264 (JBS/AMD) |
| Defendants. | |
| | **OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiff's motion for reconsideration of this Court's June 23, 2010 Opinion and Order dismissing certain of Plaintiff's claims [Docket Item 92]. The Court finds as follows:

    1. As explained in more detail in the Opinion in question and the Opinions that preceded it, this case involves Plaintiff's interaction with various state officials regarding his medical practice and eligibility to be a State Medical Examiner. It is based on events going back to 1991. In an Opinion and Order of December 29, 2004, the Court stayed the then-remaining claims in this case and closed the docket while two state proceedings related to the claims were pending. One state proceeding involved Plaintiff's medical examiner eligibility. Plaintiff appealed his eligibility status to the Office of Administrative

Law (OAL), and then withdrew from the proceeding without prejudice before the tribunal could reach a conclusion on the merits.  The other state proceeding was an administrative proceeding regarding Plaintiff's medical license.  Because Plaintiff's claimed injuries involved his eligibility to be a medical examiner and his medical license, these state proceedings involved the determination of facts that would also have to be determined by this Court, and so the Court found it appropriate, pursuant to Younger abstention, to dismiss the injunctive relief sought and to stay the damages claims until such time as the state proceedings were no longer pending.  See Younger v. Harris, 401 U.S. 37 (1971); Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002).

    2.  On June 19, 2007, the Court reopened the docket for further proceedings based on Plaintiff's notification that the state proceedings were no longer pending because Plaintiff entered a consent order with the State on January 12, 2006.  [Docket Item 59.]  This Court's June 19, 2007 order made no findings with respect to the existing stay, but merely reopened the docket for further proceedings after a determination regarding which claims were left to be resolved (since Plaintiff suggested that some issues had been mooted).  [Docket Item 60.]

    3.  The first action upon the docket after the Court's reopening was Plaintiff's motion for reconsideration of claims

previously dismissed. [Docket Item 63.] After this motion was denied, the next motion to be filed was Defendants' motion to dismiss. [Docket Item 82.] The motion to dismiss argued that either the 2006 consent order mooted Plaintiff's claims which therefore should be dismissed, or else it did not moot the claims and therefore did not conclude the pending state proceedings that served as the basis of this Court's abstention. Additionally, Defendants argued that the claims arising prior to January 5, 1993 were barred by the applicable statute of limitations.

4. In the Opinion on the motion to dismiss, this Court made three principal findings. First, the Court declined to lift the stay as to any claims other than Counts II and III, as those were the only counts that Plaintiff discussed in the motion papers and for which the Court could determine that the stay was no longer appropriate. Second, the Court found that Plaintiff had abandoned the claims other than Counts II and III by failing to respond to Defendants' motion with respect to them and failing to explain why they should be reinstated despite multiple opportunities to do so. Third, the Court determined the cut-off date for claims that are timely under the relevant statute of limitations, a finding which it did not apply to any particular claims as the parties had not yet made any arguments about when particular claims accrued. As explained below, on this motion for reconsideration the Court finds that the second determination

was premature, and will be vacated.

5. Absent a change in the law or availability of new evidence (neither of which Plaintiff alleges), to prevail on a motion for reconsideration under L. Civ. R. 7.1(i) the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted).

6. As to the first finding, the Court declined to lift the stay because in the motion to reopen and the brief opposing Defendants' motion Plaintiff chose to discuss the 2006 consent order only as it related to Counts II and III, and so the Court received no argument from Plaintiff regarding whether reinstatement of the other claims was appropriate. The Court could not determine whether Plaintiff's eligibility to be a medical examiner — the subject of the pending OAL proceedings — was a fact that would have to be determined for any or all of the other claims. Plaintiff asks for reconsideration of this finding, arguing that the Court overlooked the fact that the stay had already been lifted by reopening the case and that Plaintiff was therefore unaware of the need to justify lifting the stay. Plaintiff also argues that there is no basis for maintaining the stay. Neither argument is a sound basis for reconsideration.

7.  Because this case was reopened on June 19, 2007 and the parties permitted to engage in some limited discovery, Plaintiff assumed that the Court had determined that <u>Younger</u> abstention was no longer applicable, even though the Court never made any explanation or findings as to why that was the case.  That misunderstanding aside, by the time of Defendants' motion to dismiss it was clear to all that the status of the state proceedings and their relationship to this federal suit was still very much a matter of dispute; after all, it was the subject of Defendants' motion.  [Docket Item 82.]  Even if Plaintiff understood the issue raised by Defendants to be reinstatement of the stay rather than maintenance of it, Defendants' motion asked for this Court to abstain from hearing the claims and placed Plaintiff on notice of the need to explain why the state proceedings did not justify a stay.  Therefore, Plaintiff's argument about lack of notice about the need to explain why the claims were no longer subject to abstention is without merit.

8.  While Defendants' dismissal motion was pending, the Court also wrote to Plaintiff requesting an explanation of whether Plaintiff wished to reinstate claims other than Counts II and III (see Letter of May 6, 2010, Docket Item 88).  The Court's letter noted that Plaintiff's "declarations supporting the motion to reopen the Third Amended Complaint [Docket Item 59] and Plaintiff's opposition to the motion to dismiss [Docket Item 86]

5

both suggest that Plaintiff seeks to proceed only as to certain claims, acknowledging that other claims are moot or otherwise resolved." (Id.)  Plaintiff now incorrectly argues that this letter was improper.  Plaintiff argues that Federal Rules of Civil Procedure 26-36 prevent a judge from taking discovery.  But the Court was not taking discovery, as it sought no facts related to the claims.  (And even if it were, due process does not always prevent the Court from developing the factual record.  See, e.g., Federal Rule of Evidence 614.)  The Court was asking for counsel to submit further information about Plaintiff's legal position, which it is perfectly entitled to do.  Indeed, the notion that Plaintiff's legal position is a matter that cannot be discovered by the Court's own efforts is perhaps the source of some of the difficulties in this case.  That the Court's request for explanation and clarification was made by letter instead of by oral argument or a more formal request for additional briefing is not a material distinction.  The Court's written request, as compared with questions at oral argument, gave Plaintiff more time to reflect, respond and clarify the Plaintiff's legal position.  Moreover, the letter merely provided a third and gratuitous opportunity for Plaintiff to explain and clarify Plaintiff's position with respect to how the events of 2006 affected Plaintiff's claims.

        9.   Plaintiff's other argument for reconsideration as to the

Court's refusal to lift the stay is that there is no basis for maintaining the stay.  Whether or not there is a basis for the stay was the precise issue Plaintiff was supposed to address in the briefs prior to this Court's June 23, 2010 Opinion, and it was at that time that Plaintiff had the opportunity to explain why the 2006 consent order changed the situation such that the claims other than Counts II and III should be reinstated.  Then, as now, Plaintiff inexplicably declines to do so, preferring to only address the long ago determined issue of whether an administrative proceeding may be pending for Younger purposes if it was withdrawn from without prejudice.  The Court understands that Plaintiff's position is that withdrawing without prejudice from state proceedings concludes those proceedings for the purposes of Younger abstention.  This Court found otherwise in 2004.  [Docket Item 53 at 23]; see O'Neill v. City of Philadelphia, 32 F.3d 785, 790-92 (3d Cir. 1994) (state proceeding is pending where "the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action").  Continuing to raise this issue is not helpful or responsive to the question of whether the 2006 consent agreement affects whether the stay should remain.  Plaintiff's argument was not a basis for determining the status of the stay, much less a basis for reconsideration.  Plaintiff was a party to the state

administrative proceedings; the Court was not. It was up to Plaintiff to show precisely how the 2006 consent agreement should make some or all of Plaintiff's claims in the Third Amended Complaint ripe for relief from the Younger stay.

10. The Court will, however, reconsider its decision to find that Plaintiff had abandoned the stayed claims. In reviewing the motion to dismiss and the Court's letter to Plaintiff, and now recognizing that Plaintiff misunderstood the status of the stay, the Court was not explicit enough in placing Plaintiff on notice that the Court was considering finding some of Plaintiff's claims to have been abandoned if Plaintiff did not show why they should be reinstated. The Order of June 23, 2010 will be vacated in part to reflect that the claims other than counts II and III are not abandoned, but remain stayed.

11. As the Court explained in the Opinion of June 23, 2010, the Court is obligated to examine the propriety of continued abstention, but in order to satisfy this obligation the parties must take clear positions on certain issues. In order for the claims to be reinstated, Plaintiff must move to dissolve the stay and either explain why the OAL proceeding has been concluded or else explain why that pending proceeding is not a basis for continued Younger abstention as to each remaining claim. If Plaintiff's position is that the 2006 consent order concluded the OAL proceeding for Younger purposes, then Plaintiff must explain

why that is the case. If Plaintiff's position is that, even if pending, the OAL proceeding should no longer cause this Court to abstain from hearing the damages claims, then Plaintiff must explain why this is so as to each individual claim. Finally, if Plaintiff seeks to reinstate any of the stayed claims, Plaintiff must explain why they did not arise before January 5, 1993, as discussed below.[1]

12. Based on the parties' agreement on the matter, the Court found that the statute of limitations foreclosed any claims arising before January 5, 1993. Plaintiff now argues that his concession that claims arising before that date were barred was not meant to concede that any particular claim was barred, since, as he now maintains in the present motion for reconsideration, all the claims are actionable under the continuing tort doctrine because the state officials have an "official vendetta" against him. This argument does not serve as a basis for reconsideration because the argument was not previously raised (see Pl.'s Br. Opp. Motion to Dismiss 7-8). Plaintiff made no reference to any continuing tort theory in response to Defendants' motion; what

---

[1] It would greatly aid the Court in understanding Plaintiff's legal position if his counsel would refer to each of the remaining claims individually instead of all of them collectively, because while it may be clear to Plaintiff's counsel how each claim lines up to each factual allegation and how each claim was affected by the 2006 consent order, it is not at all clear to the Court from the pleading of Plaintiff. Reference to claims by Count, as numbered in the Third Amended Complaint, is the normal and preferred method.

Plaintiff did attempt to defend was the counts related to claims plead as supplemental claims in the Third Amended Complaint and claims related to training. (Id.) If Plaintiff had some theory for how claims arising before January 5, 1993 were timely, then the time to present that theory was when Defendants sought to have those claims dismissed.[2]

13. For the foregoing reasons, the motion for reconsideration will be granted in part and otherwise denied, and the accompanying Order will be entered. The above procedures will govern any effort by Plaintiff to reinstate the otherwise stayed claims, as well as any effort by Defendants to dismiss any claim, whether stayed or not, on the ground that that claim accrued prior to January 5, 1993.[3]

Date: **October 6, 2010**          **s/ Jerome B. Simandle**
                                   Jerome B. Simandle
                                   United States District Judge

---

[2] Likewise, Defendants may move to dismiss any claim arising before January 5, 1993 by establishing the accrual date for each such claim. Defendants had not sought a determination of the accrual of the statute of limitations for individual claims when Defendants filed their dismissal motion, instead referring only to an unspecific category of claims based on the 1992 suspension of Plaintiff's medical examiner eligibility. [Docket Item 82.]

[3] By a separate Order for In-Person Status Conference, the Court will meet with counsel to assure the orderly identification and development of claims for dispositive motion practice and for trial, within the parameters established herein.