IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUS PETER SPETH, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil No. 95-0264 (JBS/AMD) |
| v. | |
| ROBERT GOODE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Fredric J. Gross, Esq.
FREDERIC J. GROSS LAW FIRM
7 East Kings Highway
Mount Ephraim, NJ 08059
     Attorney for Plaintiff

William P. Flahive, Esq.
24 Arnett Avenue
Suite 103
Lambertville, NJ 08530
     Attorney for the Defendant

**SIMANDLE**, Chief Judge:

I.   **INTRODUCTION**

    This matter comes before the Court on Defendants Robert Goode,

Marsetta Lee, Geetha Natarajan, and the Attorney General of New

Jersey's motion for summary judgment.  [Docket Item 207.]  In

response to Defendants' motion, Plaintiff filed a Fed. R. Civ. P.

56(d) declaration[1] requesting deferral of the due date for Plaintiff's opposition to Defendants' motion until additional discovery is obtained.  [Docket Item 214.]  For the following reasons, the Court will grant in part and deny in part Plaintiff's request for deferral of the due date for Plaintiff's opposition.

**II.  BACKGROUND**

**A. Facts**

The facts of this case are set forth in this Court's Opinions of April 28, 1995 [Docket Item 16], December 29, 2004 [Docket Item 53], June 23, 2010 [Docket Item 90], November 9, 2010 [Docket Item 138], and January 20, 2011 [Docket Item 153].  For the purposes of this motion, the Court focuses on the facts relevant to Counts II, III, V, VI, and VIII.

The instant action arises out of Plaintiff's tenure as a county medical examiner and his subsequent suspension.  Under New Jersey law, county medical examiners are appointed by the county for five-year terms and are subject to training and/or experience requirements prescribed by rules and regulations of the State Medical Examiner.  N.J. Stat. Ann. § 52:17B-83.  New Jersey Administrative

---

[1] Fed. R. Civ. P. 56(d) carries forward without substantial change the provisions of former subdivision (f).  See Fed. R. Civ. P. 56 advisory committee's note.  While Plaintiff calls his declaration a 56(f) declaration, it is actually a 56(d) declaration and the Court will treat it as such.

Code § 13:49-7.1 sets forth the eligibility standards for county medical examiners appointed pursuant to N.J. Stat. Ann. § 52:17B-83. This administrative code provision requires that county medical examiners be fully licensed physicians "of recognized ability and good standing in his or her community" who meet certain standards relating to training and experience.  N.J. Admin. Code § 13:49-7.1

More specifically, county medical examiners are required to complete a minimum of 30 hours of basic education, a minimum of 20 hours of advanced education, a course conducted by the Office of the State Medical Examiner on the laws, rules, and regulations relating to the New Jersey Medical Examiner System, and seven days of internship training at the New Jersey State Medical Examiner Office or an approved equivalent.  § 13:49-7.1(a).  This section of the administrative code also provides for continuing education requirements, which include "any other necessary training."  § 13:49-7.1(b),(c).

The New Jersey Administrative Code further provides that any person who does not meet any of the eligibility requirements set forth in § 13:49-7a shall be declared ineligible by the State Medical Examiner, pending a hearing and final resolution.  § 13:49-8.1(a).  This requirement applies only to current county medical examiners, their assistants, designated forensic pathologists, and candidates for those positions.  Id.

3

In 1991, Defendant Dr. Robert Goode, the State Medical Examiner, conducted a review of the Gloucester County Medical Examiner's Office and the County Medical Examiner, Plaintiff Dr. Clause Speth. [Docket Item 208, ¶ 1.][2]  Based on the review, Dr. Goode composed a report criticizing Dr. Speth's suitability as a medical examiner. Speth v. Goode, Civ. No. 95-0264 JBS, 2011 WL 221664, at *1 (D.N.J. Jan. 20, 2011).  On January 2, 1992, Dr. Speth and his attorney Ben Goldstein held a press conference in which they handed out copies of Dr. Goode's report to the reporters that they had invited. [Docket Item 208, ¶ 2.]  Shortly thereafter, on February 5, 1992, Dr. Speth withdrew his name from consideration for reappointment as County Medical Examiner.  [Id. at ¶ 3.]

On April 10, 1992, Dr. Goode issued a letter declaring that Dr. Speth would be ineligible to practice within the State Medical Examiner system for a period of one year and, after the year expired, would be required to complete a course on the rules and regulations governing the New Jersey Medical Examiner system and a seven day internship before being fully reinstated.  [Id. at ¶¶ 4-5.]  The one-year period expired on April 10, 1993.  [Id. at ¶ 6.]  Despite

_____

[2] As Plaintiff does not dispute any facts set forth in Defendants' Statement of Material Facts, those facts are deemed undisputed for the purposes of this motion.  See Local Civil Rule 56.1(a) (stating that "any material fact not disputes shall be deemed undisputed for purposes of the summary judgment motion").

this opportunity to apply to resume his position as a county medical examiner, Dr. Speth stated that he had no interest in even applying to be in the State system so long as Dr. Geetha Natarajan was in the State Medical Examiner system.  [Id. at ¶ 8.]  Dr. Natarajan was appointed Interim New Jersey State Medical Examiner after Dr. Goode's retirement.  Pl.'s Third Am. Compl. ¶ 6.

As early as February 14, 1994, Dr. Speth was aware that he was under criminal investigation in relation to an examination he conducted at the State Medical Examiner's Office on the body of a deceased Essex County Jail inmate.  [Docket Item 208, ¶ 9.]  The Attorney General's Office was investigating whether Dr. Speth had committed the crime of tampering with or fabrication of physical evidence in violation of N.J.S.A. 2C:28-6.  [Id. at Ex. O.]

Dr. Speth has not applied for a position in the State Medical Examiner system since 1992.  [Id. at ¶ 12.]  On June 27, 1995, Plaintiff's counsel wrote to Deputy Attorney General ("DAG") Timothy Crowley referencing a May 1995 conversation about scheduling training for Dr. Speth.  [Id. at ¶ 14.]  On August 14, 1995, DAG Crowley wrote to Dr. Speth's counsel and advised him that the State was not waiving the requirements imposed by Dr. Goode for Dr. Speth to restore his eligibility and that attempts were being made to schedule Dr. Speth's training for November of 1995.  [Id. at ¶ 15.]

As Dr. Speth was still under criminal investigation and the

5

Division of Criminal Justice ("DCJ") was concerned with having Dr. Speth attend training in the very office in which he was alleged to have tampered with evidence, the DCJ began exploring who should conduct the training and where it should be completed.  [Id. at ¶¶ 17-19.]  Additionally, while he was under investigation, Dr. Speth could not apply to become eligible in the State Medical Examiner system.  [Id. at ¶ 21.]

On October 5, 1995, Dr. Speth was indicted for third degree tampering with a witness based on his attempts to persuade Defendant Dr. Geetha Natarajan to withhold testimony or physical evidence in a criminal proceeding and for two other counts.  [Id. at ¶¶ 22-23.] Dr. Speth was convicted on the witness tampering charge on October 28, 1997.  [Id. at ¶ 25.]  The conviction was upheld on appeal, Dr. Speth's petition for certiorari to the United States Supreme Court was denied, and the criminal proceedings concluded on October 3, 2003.  [Id. at ¶ 26.]  Plaintiff has not alleged that he requested training following his conviction.  [Id. at ¶ 27.]

After Dr. Speth's conviction, on February 24, 1998, the State Board of Medical Examiners filed a complaint seeking revocation of Dr. Speth's license to practice medicine in New Jersey.  [Id. at ¶ 28.]  Dr. Speth voluntarily surrendered his license while he appealed his criminal conviction.  [Id. at ¶ 29.]  In January 2006, Dr. Speth and the State Board of Medical Examiners agreed to reinstate

Dr. Speth's medical license subject to a probationary period and limited to forensic medicine only, which made Dr. Speth ineligible to re-enter the State Medical Examiner system.  [Id. at ¶¶ 30-31.]

Since 1992, Dr. Speth has been retained as a private consultant, worked as an expert in civil litigation, developed a reputation as a forensic expert nationwide, and testified as a defense witness in at least four homicide cases.  [Id. at ¶¶ 33-44.]  Dr. Speth has claimed that his private consulting work was harmed as a result of the criminal investigation and that he was told he was no longer being used because of the investigation.  [Id. at ¶ 45.]

**B. Procedural History**

Plaintiff filed the instant case on January 5, 1995.  [Docket Item 1.]  This case was administratively terminated for years while Dr. Speth was criminally charged and prosecuted and convicted in part, and it was reopened. The Third Amended Complaint [Docket Item 47] was filed on April 29, 2004, and contains thirteen counts against Defendants Dr. Robert Goode, Dr. Geetha Natarajan, Richard T. Carley, Marsetta Lee, various John/Jane Doe defendants, and the Attorney General of New Jersey.  Plaintiff withdrew Counts IV and X.  [Id.]

On December 29, 2004, this Court dismissed Counts I, VII, XI, XII, and XIII pursuant to Fed. R. Civ. P. 12(b)(6).  [Docket Item 54.]  The case was terminated under the Younger abstention doctrine. [Id.]  It was reopened on June 19, 2007. [Docket Item 60.]

Plaintiff's motion for reconsideration of the December 29, 2004
dismissal and abstention order was denied June 26, 2008.  [Docket
Item 68.]  Plaintiff thereafter filed an appeal [Docket Items 69 and
70] which was eventually dismissed by the Third Circuit for lack of
appellate jurisdiction on June 18, 2009.  [Docket Item 73.]
Thereafter, Defendants filed a third dismissal motion which was
granted in part and denied in part on June 23, 2010.  [Docket Items
90 and 91.]  Plaintiff's subsequent motion for reconsideration was
granted in part and denied in part on October 6, 2010.  [Docket Items
119 and 120.]  This was followed by Plaintiff's motion for partial
summary judgment which was denied on November 9, 2010 [Docket Items
138 and 139.]  An order was entered January 20, 2011 lifting a stay,
reinstating Counts V, VI and VIII, and granting Defendants' summary
judgment motion in part.  [Docket Item 154.]  The conclusion of
factual discovery was supervised by Magistrate Judge Ann Marie Donio
in a series of discovery conferences and motions in 2011 and early
2012, including efforts of Defendants to obtain Dr. Speth's
deposition.  Currently pending before Judge Donio is Plaintiff's
motion to overrule Defendants' privilege claims [Docket Item 203],
upon which oral argument was heard on June 15, 2012.

    1. January 20, 2011 Opinion

    On January 20, 2011, this Court dismissed Count IX.  [Docket
Item 154]; Speth, 2011 WL 221664.  This Court also dismissed as

time-barred parts of Counts II and III based on the composition of
Dr. Goode's report and its initial dissemination, as well as the
composition and sending of the letter of ineligibility.  Id.

This Court explained that there is a two-year statute of
limitations period for all claims in this case.  Id. at *5 (citing
N.J. Stat. Ann. § 2A:14-2).  The original complaint in this matter
was filed on January 5, 1995.  Id.  Thus, claims contained in or
relating back to the original complaint are timely if they arose after
January 5, 1993.  Id.  New claims contained in the Second Amended
Complaint are timely if they accrued after March 24, 1993.  Id.  And
new claims contained in the Third Amended Complaint, which was never
filed as a proposed complaint before it was filed as the operative
complaint, are timely if they accrued after June 24, 1993.  Id.

Count IX alleged that Defendants Goode and Carley equitably
defrauded Plaintiff by dissuading him from contesting the
accusations made in the Goode report with false assurances about the
report's effects on his eligibility.  Pl.'s Third Am. Compl. ¶¶
43-45.  The Court found that Count IX should be dismissed because
it was barred by the statute of limitations.  Speth, 2011 WL 221664,
at *1 n.1.

Counts II and III relate to the issuance of the letter of
ineligibility and the denial of the training that Dr. Speth needed
to regain his eligibility to serve in the New Jersey State Medical

9

Examiner system.  Pl.'s Third Am. Compl. ¶¶ 26-33.  The Court
separated each count into two parts: (1) Dr. Goode's decision to
declare Plaintiff ineligible for service within the State Medical
Examiner system, including Dr. Goode's report, as well as the State's
imposition of requirements for regaining eligibility and (2) the
State's alleged refusal to schedule the training.  Speth, 2011 WL
221664, at *3.  This Court found that the first part of Count II and
III — the claims based on the composition of Dr. Goode's report, the
initial dissemination of Dr. Goode's report, and the composition and
sending of the letter of ineligibility — accrued prior to January
5, 1993, and these claims were therefore time-barred.  Id. at *5.
However, the second part of Counts II and III — the failure to train
aspect — was not time-barred because this aspect could not have
accrued until the training was denied.  Id.

    2. The Present Motion for Summary Judgment

    Only Counts II (in part), III (in part), V, VI, and VIII remain.
Count II alleges violation of the Due Process Clause based on failure
to train, Pl.'s Third Am. Compl. ¶¶ 26-31; Count III alleges violation
of the Equal Protection Clause based on failure to train, id. at ¶¶
32-33; Count V alleges abuse of office for personal benefit, id. at
¶¶ 35-36; Count VI alleges tortious interference with prospective
economic advantage, id. at ¶¶ 37-38; and Count VIII alleges tortious

interference with the New Jersey constitutional right to exercise trade, id. at ¶¶ 41-42.

On March 29, 2012, Defendants filed the instant motion for summary judgment.  [Docket Item 207.]  Defendants seek summary judgment upon these five remaining counts.  [Id.]

On May 14, 2012, Plaintiff filed a Rule 56(d) Declaration. [Docket Item 214.]  Plaintiff requests deferral of the due date for Plaintiff's opposition to Defendants' summary judgment motion until additional discovery is obtained.  Specifically, Plaintiff maintains that more discovery is needed in three areas: (1) better interrogatory answers sought in Document 197 [id. at ¶¶ 3-16], (2) Plaintiff's challenge to claims of privilege based on the crime/fraud exception to attorney-client privilege [id. at ¶¶ 17-19], and (3) a deposition of George Clark, a former reporter for the Camden Courier-Post [id. at ¶¶ 20-27].

At the time of submission, the first and second areas were related to motions awaiting decisions.  [Id. at ¶¶ 3, 17.]  More specifically, on February 10, 2012, Plaintiff filed a motion for discovery.  [Docket Item 197.]  On March 9, 2012, Plaintiff filed a motion to overrule privilege claims.  [Docket Item 203.]  Both motions were awaiting decision from Magistrate Judge Donio at the time of submission; however, as of the issuance of this Opinion, the

11

Magistrate Judge denied Plaintiff's motion for discovery and reserved decision on Plaintiff's motion to overrule privilege.

As to the third area, Plaintiff has not conducted the deposition of George Clark and has not sought leave of the Court to do so, and the Court notes that it is well past the deadline for such discovery. [Docket Item 168.]

Defendants filed a reply brief in support of summary judgment and in opposition to Plaintiff's application under Fed. R. Civ. P. 56(d) on May 21, 2012.  [Docket Item 215.]

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  However, the Court will view the evidence and draw any reasonable inferences in the light

12

most favorable to the nonmoving party.  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

In response to a motion for summary judgment, the nonmoving party can file a Rule 56(d) declaration.  Fed. R. Civ. P. 56 (d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

In the declaration, a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained. Pa., Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (citing Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988)).  If a party opposing summary judgment files an affidavit that specifically addresses these requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party.  Malouf v. Turner, 814 F. Supp. 2d 454, 459-60 (D.N.J. 2011) (quoting Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)).

### B. Counts VI and VIII

Counts VI and VIII allege tortious interference.  More specifically, Count VI alleges that "Defendants intentionally engaged in tortious interference with Dr. Speth's prospective economic advantage."  Pl.'s Third Am. Compl. ¶ 37-38.  Count VIII alleges that "Defendants tortiously interfered with Dr. Speth's exercise of his New Jersey constitutional right to exercise his trade."  Pl.'s Third Am. Compl. ¶¶ 41-42.  Tortious interference with prospective economic advantage has four elements: (1) a reasonable expectation of economic advantage to the plaintiff; (2) an interference done intentionally and with "malice"; (3) a causal connection between the interference and the loss of prospective gain; and (4) actual damages.  <u>Varrallo v. Hammond Inc.</u>, 94 F.3d 842, 848 (3d Cir. 1996) (citing <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, (1989)).  As will be explained below, the Court will grant Plaintiff's request in part because Plaintiff's Rule 56(d) declaration raises issues that could have implications for Plaintiff's tortious interference claims.

Plaintiff maintains that more discovery is needed in three areas: (1) better interrogatory answers sought in Document 197, Pl.'s Rule 56(d) Decl. ¶¶ 3-16, (2) Plaintiff's challenge to claims of privilege based on the crime/fraud exception to attorney-client privilege, <u>id.</u> at ¶¶ 17-19, and (3) a deposition of George Clark,

14

a former reporter for the Camden Courier-Post, id. at ¶¶ 20-27.  The Court will address each area separately below.

> 1.   Request for Better Interrogatory Answers

Plaintiff alleges that Defendant Natarajan admitted to making statements to the press relating to Plaintiff, but she refused to identify the records she reviewed, refused to specify the statements she made, and asserted without elaboration that she "responded truthfully."  Pl.'s Rule 56(d) Decl. ¶ 4.  Therefore, Plaintiff requests better interrogatory answers from Defendant Natarajan. Id.

The Court rejects this claim as it lacks the specificity required for a Rule 56(d) declaration.  See Sebelius, 674 F.3d at 157 (stating that a Rule 56(d) declaration must specifically state: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained).  Plaintiff has not made clear to the Court what he hopes to uncover or how it could preclude summary judgment. Accordingly, this request is an insufficient basis for deferral of the due date for Plaintiff's opposition to Defendants' motion.

Plaintiff's allegations in Paragraphs 5 and 6 relate to statements made by Dr. Natarajan about Plaintiff in a judicial setting or to her immediate supervisors and the State Medical Examiner's legal representatives in the DCJ.  Pl.'s Rule 56(d) Decl.

15

¶¶ 5-6.  Plaintiff seeks better interrogatory answers to explain the context of these statements.  Id.

The Court rejects these claims as a basis for deferring the due date for Plaintiff's opposition to Defendants' motion because the statements made by Dr. Natarajan in these settings are privileged and therefore cannot preclude summary judgment.  A statement made in the course of judicial proceedings is absolutely privileged, Hawkins v. Harris, 141 N.J. 207, 213 (1995), and an absolute privilege confers complete immunity on otherwise defamatory statements.  Fees v. Trow, 105 N.J. 330, 336 (1987).  This privilege affords litigants and witnesses "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Hawkins, 141 N.J. at 216 (quoting Silberg v. Anderson, 50 Cal. 3d 205, 213 (1990)).  This privilege is not limited to statements made in a courtroom during a trial, but it extends to all statements or communications in connection with the judicial proceeding.  Id.

As this Court previously noted, any testimony given by Defendants in Plaintiff's grand jury proceedings or in their official capacity is absolutely privileged and therefore wholly immune. [Docket Item 53, 40.]  Because this testimony is completely immune, the Court cannot see how it would preclude summary judgment.

Plaintiff attempts to explain how this information is important and could preclude summary judgment in Paragraphs 7-9.  In Paragraph

16

7, Plaintiff claims to seek better interrogatory answers because Defendant Natarajan's interrogatory responses were "conclusory, non-specific, and negative pregnant." Pl.'s Rule 56(d) Decl. ¶ 7. Plaintiff alleges in Paragraph 8 that the better answers he seeks are "essential for determining the full scope of Natarajan's statements about Dr. Speth and for determining whether any of those statements is entitled to absolute witness immunity." Pl.'s Rule 56(d) Decl. ¶ 8. In Paragraph 9, Plaintiff states, "I expect those statements, if disclosed, will provide factual information inconsistent with defendants' summary judgment claim that in substance asserts Natarajan did nothing wrong." Pl.'s Rule 56(d) Decl. ¶ 9.

The Court rejects these claims as they lack the specificity required for a Rule 56(d) declaration. See Sebelius, 674 F.3d at 157. Vague or general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient. Malouf, 814 F. Supp. 2d at 459-60 (citing Hancock Indus. v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987)). The Court is unable to determine what effect — if any — the information Plaintiff is seeking would have on the summary judgment motion. Because it appears that the information Plaintiff is seeking relates to absolutely privileged statements, the Court will not defer the due date for Plaintiff's opposition to Defendants' motion on the basis of these claims.

17

Next, Plaintiff states:

> Natarajan also claims, "I . . . did not take any arbitrary
> actions toward plaintiff."  That is a bald conclusory
> statement.   I believe that Plaintiff is entitled to know
> precisely what actions Natarajan took toward him.   This
> information may well establish that Natarajan took actions
> adverse to Dr. Speth which were arbitrary and actionable.

Pl.'s Rule 56(d) Decl. ¶ 10.  Plaintiff also claims that Defendant

Goode's Second Supplemental Answers to Interrogatories contain

uncertainties and ambiguities.  Pl.'s Rule 56(d) Decl. ¶ 11.

Therefore, Plaintiff seeks better interrogatory answers.  Id.

The Court rejects these arguments as a basis to defer the due

date for Plaintiff's opposition to Defendants' motion.  Plaintiff's

vague and general statements are insufficient to meet the

requirements of Rule 56(d).  Plaintiff fails to articulate any

specific facts that he believes further discovery would reveal; he

provides the Court with nothing other than mere speculation that

something may be uncovered through discovery.  Plaintiff has the

burden of proof to come forward, after years of discovery, with facts

that would tend to demonstrate that Dr. Natarajan acted in an

arbitrary manner; it is not Dr. Natarajan's burden to show that she

did not act arbitrarily.  The Court will not further defer the due

date for Plaintiff's opposition to Defendants' motion on the basis

of these claims.

Next, Plaintiff quotes Dr. Goode's Second Supplemental Answer to Interrogatory 3 and states that the answer is "incomplete and evasive."  Pl.'s Rule 56(d) Decl. ¶¶ 14-15.  The Court also rejects this circumstance as a basis to delay the due date for Plaintiff's opposition.  It fails to meet the specificity required for a Rule 56(d) declaration because it is conclusory and argumentative.  Plaintiff has not explained how the discovery he seeks would create a dispute of fact.  Therefore, this discovery cannot serve as a basis to defer the due date for Plaintiff's opposition.

Finally, Plaintiff alleges:

> Goode does not deny knowledge of publication of matter adverse to plaintiff by other defendants or persons acting in league [sic] them.  Better responses to plaintiff's interrogatories may well identify persons in the State's employ who published the statements adverse to Dr. Speth.  Such persons may well de [sic] deemed agents or co-conspirators of one or more defendants, thereby making their actions attributable to their principals.

Pl.'s Rule 56(d) Decl. ¶ 16.

The Court rejects this argument as it is overly vague.  The Court will not re-open discovery for a fishing expedition, especially considering the age of this case and the extensive discovery already completed.  If Plaintiff seeks to proffer co-conspirator statements as evidence in opposition to the summary judgment motion, he will have ample opportunity to do so if he satisfies the requirements of Rule 801(d)(2)(E), Fed. R. Ev.

2.   <u>Discovery on Time-Barred Events</u>

Plaintiff's allegations in ¶ 12-13 of his Rule 56(d) affidavit concern matters occurring in early 1992.  As these claims arose before January 5, 1993, they are time-barred.  <u>See</u> <u>Speth</u>, 2011 WL 221664, at *5.  Plaintiff has had many years to seek discovery as to the events of the early 1990's which may animate the circumstances of this case.  Consequently, this discovery cannot serve as a basis for deferring the due date for Plaintiff's opposition to Defendants' motion.

3.   <u>Privilege Issues</u>

Plaintiff challenges certain claims of privilege based on the crime-fraud exception to the attorney-client privilege.  Pl.'s Rule 56(d) Decl. ¶ 17.  Plaintiff asserts that he has produced undisputed evidence that Dr. Natarajan surreptitiously removed and destroyed the hemorrhage-bearing soft tissue adhering to the hyoid bone of the deceased Essex County Jail inmate examined by Plaintiff.  <u>Id.</u> at ¶ 18.

The Court will allow for the possibility of deferral of the due date for Plaintiff's opposition to Defendants' motion based on these allegations.  The "crime-fraud" exception is a generally recognized exception to privileged communications for communications in furtherance of future illegal conduct.  <u>United States v. Zolin</u>, 491

20

U.S. 554, 556 (1989).  Additional discovery in this area could be probative of tortious interference.

Furthermore, the facts, as Plaintiff alleges them, would have occurred on November 3, 1993 [Docket Item 203-2, 203-3], so this claim would not be time-barred.  See Speth, 2011 WL 221664, at *5. Therefore, Plaintiff's Rule 56(d) affidavit is sufficient to defer the due date for Plaintiff's opposition at this time, with regards to this limited issue.  If the Magistrate Judge determines that additional discovery is needed, Plaintiff's opposition to the pending summary judgment motion will be due fourteen (14) days after discovery is to be provided.  However, if the Magistrate Judge determines that no additional discovery is needed, Plaintiff's opposition will be due fourteen (14) days after entry of the Magistrate Judge's decision upon the pending crime-fraud privilege motion.

    4.   Clark Deposition

Plaintiff claims that the press conference he held in January of 1992 was in response to a call from George Clark, a former reporter for the Camden Courier-Post, regarding Dr. Goode's report.  Pl.'s Rule 56(d) Decl. ¶ 22-23.  Plaintiff's Rule 56(d) declaration states that Mr. Clark informed Plaintiff that he would not give an affidavit, but would respond to a subpoena.  Id. at ¶ 24.  Plaintiff seeks Mr.

21

Clark's testimony to establish that Dr. Goode's report was initially
published as a result of a leak from officials.  Id. at ¶¶ 25-27.

    The Court rejects these arguments as a basis for deferral of
the due date for Plaintiff's opposition.  The Court has already
concluded that any claims relating to Dr. Goode's report are
time-barred.  See Speth, 2011 WL 221664, at *5.

    Furthermore, the Court rejects Plaintiff's argument because
Plaintiff provides no explanation of why this information was not
sought sooner.  See Sebelius, 674 F.3d at 157.  Plaintiff's
statement that Mr. Clark would only respond to a subpoena does not
explain why Plaintiff has failed to obtain information from Mr. Clark
by subpoenaing Mr. Clark for a deposition.  Therefore, because these
claims are time-barred and Plaintiff does not explain why this
information was not sought sooner, the Court rejects these arguments
as a basis for deferring the due date of Plaintiff's opposition to
Defendants' motion for summary judgment.

    5.   Summary

    In summation, the only aspect of Plaintiff's 56(d) affidavit
with merit in regards to his tortious interference claim is
Plaintiff's need for discovery regarding Defendant Dr. Natarajan's
involvement in the November 1993 examination of the deceased Essex
County Jail inmate.  Therefore, the Court will allow for the
possibility of deferral of Plaintiff's opposition for the limited

22

purpose of allowing Plaintiff to obtain a judicial ruling on this discovery, now pending before Magistrate Judge Donio.  If the Magistrate Judge determines that additional discovery is needed, Plaintiff's opposition will be due fourteen (14) days after discovery is provided by Defendants.  However, if the Magistrate Judge determines that no additional discovery is warranted, Plaintiff's opposition will be due fourteen (14) days after entry of the Magistrate Judge's decision.

### C. Counts II and III

Plaintiff alleges that Defendants deprived him of due process of law and equal protection of the law in violation of the Fourteenth Amendment.  Pl.'s Third Am. Compl., ¶¶ 26-33.  He maintains that Defendants arbitrarily imposed special conditions and restrictions upon him by requiring him to receive certain training from the office of the State Medical Examiner to regain his eligibility.  Id. at ¶ 28-29.  Plaintiff's 56(d) affidavit does not seek any discovery relative to these counts.  Therefore, Plaintiff must file opposition with respect to Counts II and III.  This opposition should be filed within the deadline in Subsection III.B., supra.

### D. Count V

In Count V, Plaintiff alleges that "Defendants, acting under color of state law, oppressively abused their offices for the personal benefit of defendants Goode and Natarajan, and to the

23

detriment of plaintiff." Pl.'s Third Am. Comp., ¶ 36. As this claim does not relate to the claims set forth in Plaintiff's 56(d) affidavit, Plaintiff's Rule 56(d) affidavit is insufficient to defer the due date of Plaintiff's opposition with regards to this Count. Therefore, Plaintiff's opposition to summary judgment with regards to Count V will be due in accordance with the deadline set forth in subsection III.B., <u>supra</u>.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request is granted in part and denied in part. If the Magistrate Judge determines that additional discovery is needed regarding Dr. Natarajan's involvement in the November 1993 examination, Plaintiff's opposition will be due fourteen (14) days after discovery is to be provided. However, if the Magistrate Judge denies discovery, Plaintiff's opposition will be due fourteen (14) days after entry of the Magistrate Judge's decision upon the pending crime-fraud motion. The accompanying Order will be entered.


<u>August 9, 2012</u>                    **<u>s/ Jerome B. Simandle</u>**
Date                                 JEROME B. SIMANDLE
                                     Chief U.S. District Judge


24